BARNES, J.,
for the Court:
¶ 1. Cordellra McCarley was convicted of burglary of a dwelling and sentenced to fifteen years in the custody of the Mississippi Department of Corrections (MDOC). McCarley filed a motion for a judgment notwithstanding the verdict and, alternatively, a motion for a new trial. Both motions were denied by the Montgomery County Circuit Court. McCarley filed this appeal. McCarley’s court-appointed attorney filed a brief consistent with Lindsey v. State, 939 So.2d 743 (Miss.2005). McCar-ley was sent a copy of the brief but did not file a pro se brief containing any assignments of error. Having fully reviewed the record, we find no error and affirm.
FACTS
¶2. Lakita Flowers arrived home and discovered that someone had broken into her house and stolen two televisions. Earlier that day, her friend, Latoya Fleming, notified Flowers that she believed McCar-ley would be headed to Flowers’s house. Flowers and Fleming knew McCarley casually through Fleming’s boyfriend. Flowers called the police to patrol the area around her house.
¶ 3. Michael Downs was visiting Flowers’s neighborhood that day. He was outside when he noticed a black Ford Taurus driving slowly down the street and backing into Flowers’s driveway. Downs watched a man, whom he later identified as McCar-ley, enter Flowers’s house. Downs stated that he was only fifty feet away from McCarley and remembered his face.
¶ 4. Grenada Police Detective Doug Evans II drove to Flowers’s neighborhood and saw McCarley, whom he recognized, in a black Ford Taurus. Detective Evans was informed by his supervisors that McCarley had been involved in a burglary; so he began to follow McCarley’s car and another car, driven by Ebony Conley. He followed them to the house of McCarley’s grandmother where McCarley parked the Taurus and got into Conley’s car. After further observation, Detective Evans stopped Conley’s car and found a television in the trunk of the car. McCarley attempted to run away but was apprehended and arrested.
¶ 5. McCarley was charged with burglary of a dwelling. At trial, Conley testified for the prosecution that she had agreed to help McCarley sell one of the televisions. Conley stated that she did not suspect the television was stolen. McCarley was convicted and sentenced to fifteen years in the custody of the MDOC.
DISCUSSION
¶ 6. If appellate counsel determines that there are no appealable issues in the record, it must follow the procedure outlined by the Mississippi Supreme Court in Lindsey, as follows:
(1) Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)— (4),(7); see also [Smith v.] Robbins, 528 U.S. [259, 280-81, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000)] (stating that “counsel’s summary of the case’s procedural and factual history, with citations of the record, both ensures that a trained legal eye has searched the record for arguable issues and assists the reviewing court in its own evaluation of the case.”).
(2) As a part of the brief filed in compliance with Rule 28, counsel must certify that there are no arguable issues supporting the client’s appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any *480 possible violations of the client’s right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.
(3) Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief.
(4) Should the defendant then raise any arguable issue or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant’s success on appeal.
(5) Once briefing is complete, the appellate court must consider the case on its merits and render a decision.
Lindsey, 939 So.2d at 748 (¶ 18) (internal citations and footnotes omitted).
¶ 7. We find that McCarley’s attorney has complied with the requirements of Lindsey. The attorney filed a brief stating that she “diligently searched the procedural and factual history of this criminal action and scoured the record” but was unable to find “any arguable issues” to present to this Court. Furthermore, she asserts that she reviewed the record concerning:
(a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of Mr. McCar-ley’s right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misrepresentation of the law in sentencing; (i) the indictment and all pleadings in the record; (j) any possible ineffective assistance of counsel issues; and (k) any other possible reviewable issues.
See id. Counsel stated that she informed McCarley she found no arguable issues and that she advised McCarley of his right to file a pro se brief. McCarley, however, did not file a pro se brief.
¶ 8. Having reviewed the record, we find no issues that would require supplemental briefing. Accordingly, we affirm McCar-ley’s conviction and sentence.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF MONTGOMERY COUNTY OF CONVICTION OF BURGLARY OF A DWELLING AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONTGOMERY COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.